There are two dismissal orders in this appeal. The first dismissed certain claims related to the Foley and Dorsey matters pursuant to Ohio's one-year statute of limitations for legal malpractice claims. The second dismissed all remaining claims because appellants didn't comply with the Minnesota State Statute in federal court. That's Minnesota Statute 544.42. This court should reverse both orders. I'll start with the statute of limitations and I'll be upfront. Our biggest beef with the district court's order relates to the Foley litigation. The district court concluded on page 8 of its order, the complaint cannot demonstrate in a cruel date as to the Foley lawsuit any later than April 25, 2019, which is when the lawyers withdrew. And the court concluded the complaint establishes that plaintiffs were aware of the misconduct at the core of their malpractice claims before that date. That reasoning is erroneous for several reasons. First, it put the onus on plaintiffs to establish a later accrual date in their complaint, notwithstanding that the statute of limitations is an affirmative defense. Second, and perhaps more importantly, it focused on when plaintiffs were aware of the litigation conduct, which is not the accrual rule in Ohio. In Ohio, the plaintiffs are given one year from the later of the withdrawal of counsel or discovery of an injury related to the misconduct. There is nothing in the district court's order that identifies when my clients were injured by the misconduct they allege. And importantly, in Cane Ridge Beef Farm, which is cited in the party's brief, the Ohio Court of Appeals said very recently that the accrual with respect to when the injury occurred is a, quote, fact-intensive determination. That's, of course, incompatible with a Rule 12b6 motion where the district court can't make factual determinations. And you'll notice if you read the Ohio decision cited in my friend's briefs on the other side, every Ohio decision cited to the court arises in the context of a motion for summary judgment where there is a factual record. So the question becomes, when was Everest damaged by counsel's conduct in the Foley case? We don't know. The district court didn't say. There were two dismissal orders filed in the Foley case. The first order, which was filed on September 19, 2019, dismissed some, but not all, of my client's claims. My client had a host of other claims that survived that order, some of which were pled in the alternative. All of the claims weren't dismissed until the summary judgment decision, which was on October 2, 2020. That's just three months before we filed this action. It's clearly within the statute of limitations. Was Everest damaged by the first partial dismissal order? That would require a factual finding that my client's actually lost something, lost some damage claim that they couldn't get through their surviving claims. The district court made no analysis here, and that analysis would be impossible in the context of a Rule 12b6 motion where the court is confined to the allegations of the complaint. Counsel, could you elaborate a little bit on the distinction you're making between awareness of malpractice and awareness of injury or damage? Sure. So the key case here, I think, is the Zimme case from the Ohio Supreme Court. It's a 1989 decision, and that court set forth the standard very clearly. It's when a cognizable event occurs that puts the client on notice that his or her damage is associated with the lawyer's misconduct. So there has to be both damage or injury and knowledge that that injury is related to counsel's misconduct. The court here, the principal error is the court just focused on knowledge of the misconduct, which is they blew some expert deadlines. But that misconduct doesn't produce injury until there's some consequence as a result of the blown deadlines. And that didn't occur until the district court actually started dismissing claims as a result of the blown deadline. The district court, in the Foley case, didn't dismiss all of the claims until October 2, 2019. Pardon me, October 2, 2020, which was just three months before my clients proceeded to file this malpractice action against Porter Wright. Did it dismiss any claims before then based on the statute of limitations? So it didn't dismiss any claims before then based on the steps you're talking about in the Foley case, Your Honor. It only dismissed a portion of the malpractice claims based on the failure to produce. Now, when did it do that for the first time? Because that's when they knew they had damage arising out of the misconduct, right? You don't get to wait until the end, right? I mean, if the judge says this claim is gone, the damage occurs on that date, because it's a discovery rule, right? Yes. It's not a rule that says you have to actually realize the damages. You just have to know the existence of the damages flowing from the misconduct. Yes. And so let me answer your first question first, which was, when was the first order? And that first order in the Foley case was September 19, 2019. So then to determine the second aspect of your question, Judge, which is, were my clients damaged? Yes, they had some, but not all. And actually, it was just a fraction of their claims. Yeah, but you don't need to know about all. You just have to know that you have a loss. Yes, but my point here, Judge, is that there were lots of claims that were pled in that complaint, some of which were in the alternative and sought the same damages, right? So in order to know whether my clients sustained actual damage as a result of the dismissal of a fraction of their claims, there would have to be some comparison about, hey, what damages could we get from our remaining claims? Is it any more or less because one of the claims was dismissed? This is a novel reading of the discovery rule as regards statute of limitations in most states, right? Would you agree with that? Ohio's rule? Yeah, the Ohio rule. Yes, and their cases, quite frankly, Your Honor, are all over the place. I was looking at two appellate decisions this morning. One says, hey, it's when you know the conduct, and one says knowledge of the conduct doesn't trigger the statute of limitations. Right, and that's the real problem here, right? Because in most states, knowledge of the conduct is enough, and we just move on. Right. That you've discovered the malpractice, and we don't care whether the injury has flowed yet or if it does flow. Right. The limitation on the action begins to accrue on the date of the discovery of the act, the wrongful act. Yes. Right? And in Ohio, somehow they've got this, but you've got to show injury too. Yes. And so then the first injury, would you agree that the first injury would be sufficient? You would not, I know. But my point is we don't know if there was an injury, right? Yes, a claim was dismissed, but let me give you a hypothetical to maybe illustrate this a little bit better. If I have two alternative claims, right, one for negligence and one for intentional conduct arising out of the same incident, and I'm alleging the same damages, maybe it was a bar fight, and I'm saying you negligently hit me or you intentionally hit me. If my intentional claim gets dismissed, I haven't been damaged. I can get the same damages through my negligence claim. That's my point. I won't know if I'm damaged until some later event occurs, and that's my point here. The judge didn't make any determination, and it would have been impossible on Rule 12b6 motion to make this determination, that the dismissal of a fraction of my client's claims in that 2019 order caused any injury. The court instead focused on, well, you knew about the fact that they blew expert deadlines, and that's not enough. I referenced the Cain Ridge decision, and the court says in that case the focus is not on when the negligent act or questionable legal conduct occurred, but when the client was damaged, and that's our point here. And just to remind the court, this arose in the context, again, of a Rule 12b6 motion. Our position is simply that these are fact questions, inherently fact questions. The Zimmer case, Zimme case, pardon me, which is the principal Supreme Court case on this case, says these are highly specific and fact-intensive inquiries. Let me just say a few things about the second order, which we think compounded the error, because the court applied a state statute in federal district court. Obviously, there's been the intervening Burke v. Choi case, which you asked for supplemental briefing on, but I want to focus my argument, even if you disagree with us on that, and I do think Burke governs here because the Minnesota statute in Rule 26 of the Federal Rules of Civil Procedure addressed the same question, which is when do expert disclosures have to be made. 544.42 says 180 days after commencement of discovery. That's the state statute. Rule 26A2D says expert disclosures must be made, quote, at the times and in the sequence that the district court orders. So they answer the same question. But even if you disagree with us on Burke, Minnesota statute 544.42 cannot apply to fraud claims. This is a pure matter of statutory interpretation. Subdivision 2 of the statute says it applies in an action against a professional alleging negligence or malpractice. Fraud is different. Subdivision 3 says an affidavit is required to establish the standard of care in a breach, and Subdivision 4 says an affidavit is required with respect to issues of negligence, malpractice, and causation. Fraud is different. Standard of care is not an element. Breach of the standard of care is not an element. The allegation is my lawyer lied to me and induced me to spend more fees. The damages are different in the claim. So any way you slice it, 544.42 is not applicable to fraud claims. These are not legal malpractice claims in disguise. My clients alleged that Mr. Cathy and his firm intentionally pursued claims that were without merit so he could receive massive fees that resulted from these additional claims. That's Paragraph 71 of the complaint. They alleged Cathy misrepresented the status of experts in order to keep Everest and Nielsen paying fees. That's Paragraph 76 and 125. They alleged in their complaint that Cathy lied about his qualifications and ability to assume the malpractice cases. That's Paragraphs 12 and 13. No experts are required on those issues, and even if they were, there was a provision in the district court's order that hadn't passed yet that required expert disclosures at a later date. These orders should be reversed. The case should be remanded for further proceedings, and I will reserve the balance of my time. Thank you. Thank you.  Mr. Flaherty. May it please the Court, Scott Flaherty for Appalese. We're asking this Court to affirm the district court's orders on the grounds and for the reasons expressed by the district court. That court correctly determined that the Foley and Dorsey suits were beyond the statute of limitations because the complaint itself set forth the facts to defeat those claims. And as to the Ranbocure claims, the district court correctly concluded that Minnesota Statutes 544.42 does apply in state court and did not conflict with the scheduling order there. And to the final point my friend across the aisle made before sitting down, in the District of Minnesota, the cases cited at the end of our red brief show that where fraud claims are intertwined with legal malpractice claims, those fraud claims too are subject to the statutory requirement for an affidavit. You know, and was discovery complete enough to make those factual determinations at this point? Yes, two responses. One, yes, Your Honor, and if the appellants didn't think so, they could have sought more time. And no such motion to extend the deadline was made below. And finally, I guess I would like to turn to Burke since the Court asked for supplemental briefing on it. My partner, Mr. Aspis, and I actually discussed Burke the day it was issued by the Supreme Court. And the only reason we didn't file a Rule 28 letter with this Court is we concluded that because Burke was all about the pleadings, Rules 3, 8, and 12, that it didn't have anything to do with this case, which was about the discovery affidavit or what I've called the Subdivision 4 affidavit. The Court is probably aware of it at ECF 4 in the District Court docket is the initial affidavit that is required by Subdivision 3. And so a Burke-type challenge can't be made here because these appellants, in fact, complied with the pleadings portion, and so they can't challenge that. That's not at issue here. So you don't think we're dealing with Rule 12? Right. We're past Rule 3, 12, or 8 on this record because the affidavit that would have come into play was filed, and no one moved for dismissal based on it. No one challenged it. And then in the context of Rules 16 and 26, those rules are so discretionary and so flexible, it's hard to imagine that an affidavit requirement here could conflict with those. So the dismissal was not based on Rule 12? It was not. It was based on Rule 56. In fact, if you look at... Is that what the Court said? No. The Court sort of followed our lead, and if you look at the motion papers on 544.42, it didn't reference Rule 12. However, it also didn't reference Rule 56. So what we're asking this Court to do on review is to apply substance rather than labels and note that the District Court received and considered evidence outside the pleadings. Therefore, it couldn't have been a Rule 12 motion. It also independently couldn't have been a Rule 12 motion because it was filed long after the deadline specified in Rule 12. And then finally, a third independent reason it couldn't have been a Rule 12 motion is the question of whether or not it was conserved. That question doesn't have an answer at the Rule 12 stage because we're looking more than 180 days into the future. So it's not clear to me how that question could ever be answered on a Rule 12 motion, or at least 12b6, I should say. So returning to Foley endorsing and the statute of limitations issues, I want to briefly read from paragraph 40 of the complaint because as to Foley, this is what establishes why the claim had accrued in 2019. Appellants wrote, the manner of this withdrawal by Porter, Wright, and Cathy caused Everest harm as it had to immediately seek new counsel under the difficult circumstances of critical motions left pending or which were brought by the various defendants shortly after withdrawal. That is describing both an injury and an awareness of the injury sufficient to trigger accrual under Ohio law. Conversely, or similarly, a few pages later in paragraph 62 of the complaint, appellants alleged, the District Court heard Dorsey and Eck's motion on July 25, 2019 and determined that claims of Nielsen were barred by the repeated failures and deficiencies of the expert affidavit. The District Court delineated those failures in its order dated October 18, 2019. So as to both Foley and Dorsey, we have clear unambiguous statements in the complaint about what the injury was and when they subjectively knew about it. Now, the Ohio test is objective, not subjective, but certainly if the allegedly wrongful conduct is delineated in court orders and the plaintiffs themselves are alleging, I was aware of those court orders, that satisfies any test whether subjective, objective, or both. And it may be important, I think, for the panel to recall that as to Foley, the September 9, 2019 order, it dismissed the portions of Everest claims that required expert affidavit under 544-42. So there could not have been any alternative claims that survived that order that required the statutory affidavit. So that whatever claims that survived, whether they're characterized as alternative for some purposes, they can't be alternative to the claims that died for lack of an expert affidavit because those claims could not have come back after September 9, 2019 and plaintiffs knew it. My friend across the aisle referenced the Zinni case by the Ohio Supreme Court. There's a short quote from that decision that governs here. There the Ohio Supreme Court wrote, and this is on page 34 of our brief, That is one correct formulation of Ohio's test and on this complaint, it's very clear how that test applies. Were these plaintiffs aware of some noteworthy event that occurred that should have alerted them that a questionable legal practice occurred? Their own complaint describes those cognizable events and characterizes them very harshly against defendants because as a strategic matter on the merits, that harshness benefits them. But of course, it somewhat backfired on the statute of limitations basis because they're going on and on and on about how they were harmed by the conduct they complain of. So I guess as to Dorsey and Foley, the district court got it exactly right and the court should affirm based on her reasoning. As to the Rambicure suits, both the fraud and the non-fraud claims, Minnesota law is clear. The 180-day affidavit was required. It's not extended by an expert discovery provision in the district court scheduling order. And in any event, these appellants didn't move to amend the scheduling order nor did they seek more time under Rule 56D as they could have. So the answer in Rambicure was correct and appellants have waived or forfeited it anyway because they didn't take those procedural steps they could have taken to remedy the error, the purported error that they now complain of. And finally, to conclude, Burke doesn't apply. Burke was only about the pleadings. The reasoning of Burke doesn't extend to Rules 16 and 26 because those are discretionary. Rule 56 is the procedural vehicle that vindicates the substantive provision of 544.42. And if I'm wrong about all of that, the issue the court need not reach is that the saving proviso in Rule 11A would allow Minnesota's affidavit requirement to apply to the pleadings, but of course, the court need not reach that here. If the panel has other questions, I'm happy to answer them, but I think the issues have been thoroughly briefed and the panel understands them. Thank you, counsel. Thank you, Your Honors. Counsel, you have a little over three minutes. Thank you, Your Honor. Just a few points. Mr. Flaherty noted that we didn't ask to amend the scheduling order in the underlying case. There was no need to because the expert deadline in the underlying case hadn't expired before this motion was brought. Judge Erickson, you asked a question about whether discovery had proceeded to the point where it was permissible for the court to make these determinations regarding the affidavit. The Minnesota Supreme Court, in interpreting what 544.42 is, has said that a motion to dismiss under 544.42 is not a summary judgment motion. The court is actually precluded from considering facts outside the four corners of the expert disclosure required under that statute. So are we under Rule 12, then? Well, that's sort of our point here with respect to the Burke v. Choi case. What rule are we under? Rule 12 prescribes the manner in which motions to dismiss are presented to a district court and lays out the various circumstances and the various bases upon which a Rule 12 motion can be brought. Lack of jurisdiction, failure to state a claim. What they want to do is import Minnesota statute 544.42 and basically add another clause to Rule 12, which says a district court can also consider a motion to dismiss under a state procedural statute. And what Guzik v. the two Supreme Court decisions I was referencing in response to Judge Erickson's question to my friend were Guzik v. Kimball. That's a 2015 decision. And at footnote 2, the court very clearly says 544.42 is not a summary judgment motion. It is accurately described as a motion for statutory dismissal for procedural grounds. And in Sorensen v. St. Paul Medical Center, 1990 decision, the Supreme Court said the same thing in footnote 1. So what rule we're operating under in the federal rules is we don't know. They styled their motion simply as a motion to dismiss under Rule 544.42. The district court granted that motion. It was not a summary judgment motion. And the last point I want to make is with respect to the dismissal of the fraud claims, we agree that there is case law that says legal malpractice claims that are called something else, like a breach of fiduciary duty, are subsumed by the statute, even assuming the statute applies. Fraud claims are different. They have different elements. There's a different factual basis. They're based on representations the lawyers made to the client. And they require only a showing of a false statement, which we've alleged, reliance, which we've alleged, and damages, which we've alleged. 544.42 as a matter of text does not apply to fraud claims. And if experts were required for fraud claims, the district court had a deadline in its order that hadn't passed yet that we could have met. But there's absolutely no legal basis to say because 544.42 applies to negligence claims, it subsumes the fraud claims that were separately pled in this case. Thank you.